**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

---

**NEUHTAH OPIOTENNIONE**
on behalf of herself and all others similarly situated,

*Plaintiffs,*

**v.**

**BOZZUTO MANAGEMENT COMPANY** *et. al.*

*Defendants.*

**Case No. 20-cv-1956**

---

## NOTICE REGARDING THE FACEBOOK AD TARGETING SETTLEMENTS

Plaintiff Neuhtah Opiotennione hereby provides the Court with the instant Notice Regarding the Facebook Ad Targeting Settlements.

Yesterday, at the oral argument on Defendants' Motion to Dismiss the First Amended Complaint, in response to the Court's inquiry about the March 2019 settlements with Facebook over discriminatory advertising of housing, employment, and credit ads on its ad platform, Plaintiff's counsel agreed to submit information on the March 2019 settlements between Facebook and the National Fair Housing Alliance, the Communications Workers of America, tenants, and workers. Through this Notice, Plaintiff hereby provides such information, as described below.

As the attached documents describe, the March 2019 settlements resolved several civil rights lawsuits against Facebook, as well as two charges of discrimination that were pending before the Equal Employment Opportunity Commission (EEOC). Collectively, these legal actions challenged the targeting of housing, employment, and credit (HEC) advertisements on Facebook based on protected classes such as age, gender, race, and national origin.

Among the reforms that Facebook agreed to implement, and did implement in late 2019, Facebook established a special portal for HEC ads to be created where advertisers cannot select race, age, gender, narrow geographic areas like zip code, or other protected statuses as criteria to

determine the "audience selection" of the ad. (Audience selection is the group of people who will be eligible to receive the ad when Facebook delivers the ad to the audience the advertiser chose, *see* Am. Compl. ¶ 22, ECF No. 57). However, when advertisers begin to create their ads they will only enter the special portal if they first see and then voluntarily check off a box that asks whether the ad is a HEC ad.[1]

Plaintiff's claims in this case arose initially from housing ads that Defendants published on Facebook prior to the implementation of these changes.

Plaintiff hereby attaches the following documents regarding the Facebook settlements.

1. Attached as Exhibit 1 is a summary of the March 2019 settlements prepared by the parties to the settlements and their counsel.

2. Attached as Exhibit 2 is copy of the settlement that resolved *Mobley v. Facebook, Inc.*, No. 16-cv-06440-EJD (N.D. Cal.), a case in which the plaintiffs alleged that Facebook violated federal and state laws, including the federal Fair Housing Act and California's equivalent fair housing law, by discriminating based on race and national origin in housing, employment, and credit ads.

3. Attached as Exhibit 3 is a copy of the settlement that resolved EEOC charges brought by the Communications Workers of America and several workers against Facebook for denying employment ads based on age and gender to older people and women, as well

---

[1] The Settlement itself contemplated that the settlement would not eliminate *all* discriminatory targeting of HEC ads, because advertisers must choose to enter the special portal by telling Facebook that the ads are HEC ads and because Facebook's "classifiers" system for detecting and blocking HEC ads that were placed outside of the special portal will not always detect such ads. As recent reporting from the MarkUp has revealed, HEC ads are still being published on Facebook notwithstanding the settlement. Moreover, the settlements did not do anything to alter Facebook's ad delivery algorithm that, as Plaintiff alleges in this action, relies upon age to decide which users will receive ads, including HEC ads. As Plaintiff has alleged, *see, e.g.*, Am. Compl. ¶ 36, and as recent investigations by the MarkUp have confirmed, HEC ads continue to be disproportionately delivered in favor of certain protected classes and against others.

a federal court action in which Facebook would have been a defendant (in the absence of this settlement), along with Amazon and T-Mobile, and the plaintiffs challenged the denial of employment ads to older people based on age, *Communications Workers of America, Linda Bradley, et al. v. T-Mobile US, Inc., et al.*, No. 17-cv-07232-BLF (N.D. Cal.).

4. Attached as Exhibit 4 is a copy of the settlement that resolved *National Fair Housing Alliance et al. v. Facebook, Inc.*, No. 18-cv-02689-JGK (S.D.N.Y.), in which a fair housing organization challenged Facebook's denial of housing ads to its users based on a number of protected statuses as a violation of the Fair Housing Act and the New York City Human Rights Law. This is the action in which the United States of America filed a Statement of Interest, which Plaintiff attached as Exhibit 1 to her Opposition to the Motion to Dismiss in this action. *See* ECF No. 69-2.

5. Attached as Exhibit 5 are copies of two articles from the MarkUp, a news organization that focuses on technology, about the publishing of ads that circumvented the special portal created by the March 2019 settlement for housing, employment and credit ads, Corin Faife & Alfred Ng, *Credit Card Ads Were Targeted by Age, Violating Facebook's Anti-Discrimination Policy*, the MarkUp (Apr. 29, 2021), https://themarkup.org/citizen-browser/2021/04/29/credit-card-ads-were-targeted-by-age-violating-facebooks-anti-discrimination-policy; Jeremy B. Merrill, *Does Facebook Still Sell Discriminatory Ads*, the MarkUp (Aug. 25, 2000), https://themarkup.org/ask-the-markup/2020/08/25/does-facebook-still-sell-discriminatory-ads.

Dated: June 18, 2021                                    Respectfully submitted,


Matthew K. Handley (D. Md. Bar # 18636)                 /s/ *Peter Romer-Friedman*
Rachel Nadas**                                          Peter Romer-Friedman
HANDLEY FARAH & ANDERSON PLLC                           GUPTA WESSLER PLLC
200 Massachusetts Avenue                                1900 L Street, NW, Suite 312,
Seventh Floor                                           Washington, DC 20036
Washington, DC 20001                                    Telephone: (202) 888-1741
Telephone: (202) 559-2411                               Email: peter@guptawessler.com
Email: mhandley@hfajustice.com
Email: rnadas@hfajustice.com

**pro hac vice* forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2021, I filed the foregoing document with the Court's CM/ECF system, which will serve it on all counsel of record in this matter.


*/s/ Peter Romer-Friedman*
Peter Romer-Friedman