# EXHIBIT 1

# SUMMARY OF SETTLEMENTS BETWEEN CIVIL RIGHTS ADVOCATES AND FACEBOOK

## Housing, Employment, and Credit Advertising Reforms

Today, civil rights organizations, labor groups, and Facebook announced historic settlements of numerous legal actions alleging that Facebook's advertising platform enabled discrimination in housing, employment, and credit advertising.  Under the settlements, Facebook will implement sweeping changes to its ad platform to prevent advertisers for housing, employment or credit from discriminating based on race, national origin, ethnicity, age, sex, sexual orientation, disability, family status, or other characteristics covered by federal, state, and local civil rights laws.  The settlements resolve lawsuits and charges filed between November 2016 and September 2018 by the National Fair Housing Alliance (NFHA), Communications Workers of America (CWA), several regional fair housing organizations, and individual consumers and job seekers, represented by the ACLU, Outten & Golden LLP, Emery Celli Brinckerhoff & Abady LLP, and other counsel.  The cases, plaintiffs, and their respective counsel are identified below.

## Overview of the Settlements

In the settlements, Facebook will undertake far-reaching changes and steps that will prevent discrimination in housing, employment, and credit advertising on Facebook, Instagram, and Messenger.  These changes demonstrate real progress.

- **Facebook will establish a separate advertising portal for creating housing, employment, and credit ("HEC") ads on Facebook, Instagram, and Messenger that will have limited targeting options, to prevent discrimination.**
- **The following rules will apply to creating HEC ads.**
    - *Gender, age, and multicultural affinity targeting options will not be available when creating Facebook ads.*
    - *HEC ads must have a minimum geographic radius of 15 miles from a specific address or from the center of a city.  Targeting by zip code will not be permitted.*
    - *HEC ads will not have targeting options that describe or appear to be related to personal characteristics or classes protected under anti-discrimination laws. This means that targeting options that may relate to race, color, national origin, ethnicity, gender, age, religion, family status, disability, and sexual orientation, among other protected characteristics or classes, will not be permitted on the HEC portal.*
    - *Facebook's "Lookalike Audience" tool, which helps advertisers identify Facebook users who are similar to advertisers' current customers or marketing lists, will no*

*Joint statement from Facebook, NFHA, CWA, ECBA, O&G, & ACLU*

> *longer consider gender, age, religious views, zip codes, Facebook Group membership, or other similar categories when creating customized audiences for HEC ads.*
>
> o *Advertisers will be asked to create their HEC ads in the HEC portal, and if Facebook detects that an advertiser has tried to create an HEC ad outside of the HEC portal, Facebook will block and re-route the advertiser to the HEC portal with limited options.*

- **Facebook will create a page where Facebook users can search for and view all current housing ads that have been placed by advertisers for the rental, sale, or finance of housing or for real estate related transactions (such as appraisals and insurance), regardless of whether users have received the housing ads on their News Feeds.**

- **Facebook will require advertisers to certify that they are complying with Facebook's policies prohibiting discrimination and all applicable anti-discrimination laws.**

- **Facebook will provide educational materials and features to inform advertisers about Facebook's policies prohibiting discrimination and anti-discrimination laws.**

- **Facebook will meet regularly with the Plaintiffs and their counsel to report on and discuss the implementation of the terms of the settlements.**

- **Facebook will permit the Plaintiffs to engage in testing of Facebook's ad platform to ensure the reforms established under the settlements are implemented effectively.**

- **Facebook will work with NFHA to develop a training program for Facebook's employees on fair housing and fair lending laws.**

- **Facebook will engage academics, researchers, experts, and civil rights and liberties advocates, including the Plaintiffs, to study the potential for unintended biases in the algorithmic modeling used by social media platforms.**

### Legal Actions Settled

Between 2016 and 2018, five discrimination lawsuits and charges were filed against Facebook by civil rights groups, a national labor organization, workers, and consumers. The cases that have been settled today are:

- ***Mobley et al. v. Facebook (N.D. Cal.)*** *(filed in November 2016)* – people of color challenged race and national origin discrimination in employment, housing, and credit ads. They are represented by Outten & Golden LLP, Aqua Terra Aeris Law Group, and the Law Office of William Most.

*Joint statement from Facebook, NFHA, CWA, ECBA, O&G, & ACLU*

- ***National Fair Housing Alliance et al. v. Facebook (S.D.N.Y.)*** *(filed in March 2018)* – the National Fair Housing Alliance, Fair Housing Justice Center (New York, NY), Housing Opportunities Project for Excellence, Inc. (Miami, FL), and Fair Housing Council of Greater San Antonio (San Antonio, TX) challenged discrimination in housing ads based on race, national origin, sex, familial status, and disability.  They are represented by Emery Celli Brinckerhoff & Abady LLP.

- ***Communications Workers of America et al. v. Facebook (EEOC)*** *(filed in January 2018)* – Communications Workers of America and several older workers challenged age discrimination in employment ads.  They are represented by Outten & Golden LLP.

- ***Spees et al. v. Facebook (EEOC)*** *(filed in September 2018)* – several women and the Communications Workers of America challenged sex discrimination in employment ads.  They are represented by the American Civil Liberties Union and Outten & Golden LLP.

- ***Riddick v. Facebook (N.D. Cal.)*** *(filed in November 2016)* – individuals challenged discrimination based on numerous protected classes in various types of advertising.  They are represented by the Law Office of Joe Grant and the Law Office of Al Rava.

These cases collectively targeted a range of audience selection tools on Facebook's ad platform. Plaintiffs alleged that Facebook's ad platform enabled advertisers to exclude certain users from seeing housing, employment, and credit opportunities in a discriminatory fashion in violation of federal, state, and/or local civil rights laws.  In particular, the Plaintiffs challenged: (1) the ability of HEC advertisers to include or exclude Facebook users from receiving their ads based on their sex or age, or based on interests, behaviors, or demographics that the plaintiffs alleged relate to or are associated with race, national origin, sex, age, or family status; (2) the ability of HEC advertisers to set a narrow geographic area so that only Facebook users within that area would receive the ads, which they alleged could have an adverse impact based on race or national origin; and (3) Facebook's Lookalike Audience tool that allowed an advertiser to create audiences of Facebook users that had common characteristics with the advertiser's current customers or other groups, which Plaintiffs alleged could have an adverse impact on various groups, including based on gender, race, and age.